# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 21-415V
UNPUBLISHED

| | |
|---|---|
| CHRISTINA TIBBS,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: July 25, 2025 |

*David J. Carney, Green & Schafle LLC, Philadelphia, PA,* for Petitioner.

*Dorian Hurley, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION DISMISSING PETITION[1]

On January 8, 2021, Christina Tibbs filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine received on September 26, 2019. Petition at 1.

This matter was assigned to the "Special Processing Unit" based on the initial presumption that it presented issues that were likely to be resolved expeditiously. On January 19, 2023, Respondent filed a Rule 4(c) Report contesting entitlement in this case. Respondent's Report at 1 (ECF No. 26). Respondent argues that Petitioner failed to demonstrate that onset of her alleged shoulder pain occurred within 48 hours of vaccination, and that the records reflect that Petitioner's pain and reduced range of motion

---

[1] Because this Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

were not limited to the shoulder in which the vaccine was administered. *Id.* at 7-8. With respect to onset, Respondent contends that Petitioner did not report her shoulder pain until over three months after vaccination, despite seeking care and treatment for several other concerns in the interim. Rule 4(c) Report at 7.

After Respondent filed his Report, I issued a scheduling order on October 2, 2023. (ECF No. 27). I ordered Petitioner to file "any additional evidence supporting Petitioner met the six-month severity requirement, that onset occurred within 48 hours, and that Petitioner's pain was limited to her vaccinated shoulder, and a statement of completion" and that if there was no additional evidence to submit, Petitioner should indicate as much in a status report. *Id.* at 1.

On February 27, 2024, Petitioner filed a status report. (ECF No. 29). In it, Petitioner's counsel represented that his client has been unresponsive to repeated emails, phone calls and letters over the last year, and therefore counsel had been unable to file the requisite additional medical records and/or evidence relating to causation elements or adhere to the Court's Scheduling Orders. *Id.* at 1. Counsel then requested the Court issue a Show Cause Order so that he could forward it to Petitioner's last known mailing address. *Id.*

On March 4, 2025, I issued an Order to Show Cause which ordered Petitioner to show why her claim should not be dismissed along with any records supporting of her claim and bearing on the aforementioned issues. (ECF No. 31). The order also indicated that "failure to respond to this order would be interpreted as either an inability to provide supporting documentation for this claim or as a failure to prosecute and the claim may be dismissed." *Id.* Petitioner was given until April 21, 2025, to make this showing. However, Petitioner did not file anything.

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any

claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in my March 2025 Order that if documentation was not provided by April 21, 2025, her claim would be dismissed. But Petitioner did not make the required filing. This is not surprising, as Petitioner's Counsel had previously noted that he could not contact Petitioner despite due effort. Nor does it appear that counsel was able to communicate with Petitioner following the issuance of the Show Cause Order. Therefore, dismissal of the petition on grounds of failure to prosecute are justified in this case.

To date, and despite ample opportunity, Petitioner has failed respond to the Order to Show Cause issued on March 4, 2025. Accordingly, this case is DISMISSED for failure to prosecute.  The Clerk of Court shall enter judgment accordingly. [3]

**IT IS SO ORDERED.**

> s/Brian H. Corcoran
> Brian H. Corcoran
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.